IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LVL PATENT GROUP, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>FEDERAL EXPRESS CORPORATION; UNITED PARCEL SERVICE, INC.; DHL EXPRESS (USA), INC.; MOTOROLA MOBILITY, INC.; GARMIN USA, INC. ; MITAC DIGITAL CORPORATION D/B/A MAGELLAN; VERIFONE SYSTEMS, INC.; HYPERCOM CORPORATION; INGENICO CORP.; INGENICO INC.; FIRST DATA CORPORATION; DELTA AIR LINES, INC.; UNITED AIR LINES, INC.; SOUTHWEST AIRLINES CO.; AMERICAN AIRLINES, INC.; US AIRWAYS, INC.; AIR CANADA; AIRTRAN AIRWAYS, INC.; JETBLUE AIRWAYS CORPORATION; MARRIOTT INTERNATIONAL, INC.; STARWOOD HOTELS & RESORTS WORLDWIDE, INC.; INTER-CONTINENTAL HOTELS CORPORATION; HYATT HOTELS CORPORATION; HILTON WORLDWIDE, INC.; AMAZON.COM, INC.; PANDIGITAL, INC.; BARNES & NOBLE, INC.; SONY ELECTRONICS INC.; AND NINTENDO OF AMERICA INC.,<br><br>        Defendants. | Civil Action No.<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff LVL Patent Group, LLC, ("LVL") alleges as follows:

PARTIES

1.    LVL is a Virginia limited liability company with a principal place of business at 2331 Mill Road, Suite 100, Alexandria, Virginia 22314.

2.    On information and belief Defendant Federal Express Corporation ("Fedex") is a Delaware corporation with its principal place of business at 3610 Hacks Cross Road, Memphis, Tennessee 38125. Fedex has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

1

3. On information and belief Defendant United Parcel Service, Inc. ("UPS") is a Delaware corporation with its principal place of business at 55 Glenlake Parkway, NE, Atlanta, GA 30328. UPS has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, as its agent for service of process.

4. On information and belief, Defendant DHL Express (USA), Inc. ("DHL") is a Delaware corporation with its principal place of business at 1200 S. Pine Island Rd., Suite 600, Plantation, FL 33324. DHL has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process.

5. On information and belief, Defendant Motorola Mobility, Inc. ("Motorola") is a Delaware corporation with its principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048. Motorola has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

6. On information and belief, Garmin USA, Inc. ("Garmin") is a Kansas corporation with its principal place of business at 1200 East 151st Street, Olathe, Kansas 66062. Garmin has appointed David Ayres, 1200 East 151st Street, Olathe, Kansas 66062, as its agent for service of process.

7. On information and belief, defendant MiTAC Digital Corporation d/b/a Magellan ("Magellan") is a California corporation wits its principal place of business at 471 El Camino Real, Santa Clara, California 95050. Magellan has appointed Kevin Chuang, 471 El Camino Real, Santa Clara, California 95050, as its agent for service of process.

8. On information and belief, Defendant Verifone Systems, Inc. ("Verifone") is a Delaware corporation with its principal place of business at 2099 Gateway Place, Suite 600, San Jose, California 95110. Verifone has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, as its agent for service of process.

9. On information and belief, Defendant Hypercom Corporation ("Hypercom") is a Delaware corporation with its principal place of business at 8888 East Raintree Drive, Suite 300,

Scottsdale, Arizona 85260. Hypercom has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, as its agent for service of process.

10. On information and belief, Defendant Ingenico Corp. is a Delaware Corporation with its principal place of business at 6195 Shiloh Road, Ste D, Alpharetta, GA 30005. Ingenico Corp. has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

11. On information and belief, Defendant Ingenico Inc. is a Georgia Corporation with its principal place of business at 6195 Shiloh Road, Ste D, Alpharetta, GA 30005. Ingenico Inc. has appointed C T Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361, as its agent for service of process.

12. On information and belief, Defendant First Data Corporation ("First Data") is a Delaware corporation with its principal place of business at 5565 Glenridge Connector, N.E., Suite 2000, Atlanta, Georgia 30342. First Data has appointed Corporation Service Company, 2711 Centerville Road, Wilmington, Delaware 19808, as its agent for service of process.

13. On information and belief, defendant Delta Air Lines, Inc. ("Delta") is a Delaware corporation with its principal place of business at 1030 Delta Boulevard, Atlanta, Georgia 30320. Delta has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

14. On information and belief, defendant United Air Lines, Inc. ("United") is a Delaware corporation with is principal place of business at 77 West Wacker Drive, Suite 100, Chicago, Illinois 60601. United has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

15. On information and belief, Defendant Southwest Airlines Co. ("Southwest Airlines") is a Texas corporation with its principal place of business at P.O. Box 36611, 2702 Love Field Dr., Dallas, TX 75235. Southwest Airlines has appointed Corporation Service Company, 211 E. 7th St., Ste. 620, Austin, TX 78201, as its agent for service of process.

16. On information and belief, Defendant American Airlines, Inc. ("American

3

Airlines") is a Delaware corporation with its principal place of business located at 4333 Amon Carter Boulevard, Forth Worth, Texas 76155. American Airlines has appointed The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

17.  On information and belief, Defendant US Airways, Inc. ("US Airways") is a Delaware corporation with its principal place of business at 111 West Rio Salado Parkway, Tempe, AZ 85281. US Airways has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801, as its agent for service of process.

18.  On information and belief, Defendant Air Canada is a company registered in Quebec, Canada, and has its principal place of business at 7373 boulevard de la Côte-Vertu, Saint-Laurent (Quebec) H4S 1Z3, Canada.

19.  On information and belief, Defendant AirTran Airways, Inc. ("AirTran") is a Delaware corporation with its principal place of business 9955 AirTran Blvd., Orlando, Florida 32827. AirTran has appointed Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

20.  On information and belief, Defendant JetBlue Airways Corporation ("JetBlue") is a Delaware corporation with its principal place of business of 118-29 Queens Boulevard, Forest Hills, New York 11375. JetBlue has appointed National Registered Agents, Inc. 160 Greentree Drive, Suite 101, Dover, Delaware 19904, as its agent for service of process.

21.  On information and belief, Defendant Marriott International, Inc. ("Marriott") is a Delaware corporation with its principal place of business at 10400 Fernwood Rd., Bethesda, Maryland, 20817. Marriott has appointed The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

22.  On information and belief, Defendant Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") is a Maryland corporation with its principal place of business at 5530 Wisconsin Avenue, Chevy Chase, Maryland 20015. Starwood has appointed The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, Maryland 21201, as its agent for

service of process.

23. On information and belief, Defendant Inter-Continental Hotels Corporation ("ICH") is a Delaware corporation with its principal place of business at 3 Ravinia Drive, Suite 100, Atlanta, Georgia 30316. ICH has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

24. On information and belief, Defendant Hyatt Hotels Corporation ("Hyatt") is a Delaware corporation with its principal place of business at 71 South Wacker Drive, 12th Floor, Chicago, Illinois 60606. Hyatt has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

25. On information and belief, Defendant Hilton Worldwide, Inc. ("Hilton") is a Delaware corporation with its principal place of business at 6950 Yarmouth Avenue, Reseda, California 91335. Hilton has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

26. On information and belief, Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109. Amazon has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

27. On information and belief, Defendant Pandigital, Inc. ("Pandigital") is a Delaware corporation with its principal place of business at 6375 Clark Avenue, Ste 100, Dublin, California 94568. Pandigital has appointed Capital Services, Inc., 1675 South State Street, Suite B, Dover, Delaware 19901, as its agent for service of process.

28. On information and belief, Defendant Barnes & Noble, Inc. ("Barnes & Noble") is a Delaware corporation with its principal place of business at 122 Fifth Avenue, New York, New York, 10011. Barnes & Noble has appointed Capitol Services, Inc., 615 South Dupont, Highway, Dover, Delaware 19901, as its agent for service of process.

29. On information and belief, Defendant Sony Electronics Inc. ("Sony Electronics")

is a Delaware corporation with a principal place of business at 16530 Via Esprillo, San Diego, California 92127. Sony Electronics has appointed Corporation Service Company, 2711 Centerville Road, Wilmington, Delaware 19808, as its agent for service of process.

30. On information and belief, Defendant Nintendo of America Inc. ("Nintendo") is a Washington corporation with its principal place of business 4600 150th Avenue, NE, Redmond, Washington 98052. Nintendo has appointed C T Corporation System, 1801 W Bay Drive, NW, Suite 206, Olympia, Washington 98502, as its agent for service of process.

## JURISDICTION AND VENUE

31. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

32. This Court has personal jurisdiction over defendants because, among other reasons, defendants have done business in this District, have committed and continues to commit acts of patent infringement in this District, and has harmed and continues to harm LVL in this District, by, among other things, using, selling, offering for sale, and importing infringing products in this District.

33. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because, among other reasons, defendants are subject to personal jurisdiction in this District, and have committed acts of patent infringement in this district. On information and belief, for example, defendants have used, sold, offered for sale, and imported infringing products in this District.

## COUNT I
### (Infringement of U.S. Patent No. 5,805,676)

34. LVL is the owner by assignment of United States Patent No. 5,805,676 (the "'676 patent"), entitled "Telephone/transaction entry device and system for entering transaction data into databases." The '676 patent issued on September 8, 1998. A true and correct copy of the '676 patent is attached hereto as Exhibit A.

35. On information and belief, defendants FedEx, UPS, and DHL have infringed one or more claims of the '676 patent, including at least claim 1, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing form-driven systems for entering transaction data into a remote database, including, but not limited to, systems used for processing and tracking packages.

36. On information and belief, defendant Motorola has infringed one or more claims of the '676 patent, including at least claim 1, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing form-driven systems for entering transaction data into a remote database, including, but not limited to, systems used for inventory management purposes.

37. On information and belief, defendant Garmin and Magellan have infringed one or more claims of the '676 patent, including at least claim 1, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing form-driven systems for entering transaction data into a remote database, including, but not limited to, 3G-enabled geographic navigation systems.

38. On information and belief, defendant Verifone, Hypercom, Ingenico Corp., Ingenico Inc., and First Data have infringed one or more claims of the '676 patent, including at least claim 1, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing form-driven systems for entering transaction data into a remote database, including but not limited to payment processing system, including the terminals and servers.

39. On information and belief, defendant Delta Airlines, United Airlines, Southwest Airlines, American Airlines, US Airways, Air Canada, AirTran Airways, and JetBlue have infringed one or more claims of the '676 patent, including at least claim 1, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing form-driven systems for entering transaction data into a remote database, including, but not limited to, customer travel management systems to manage customer travel, including without limitation the kiosks and network services platform.

40. On information and belief, defendant Marriott, Starwood, ICH, Hyatt, and Hilton have infringed one or more claims of the '676 patent, including at least claim 1, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing form-driven systems for entering transaction data into a remote database, including but not limited to customer lodging services system, including kiosks used to check-in and check-out guests and the corresponding network services platform.

41. On information and belief, defendant Amazon, Pandigital, and Barnes & Noble have infringed one or more claims of the '676 patent, including at least claim 1, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing form-driven systems for entering transaction data into a remote database, including, but not limited to, Amazon's Kindle e-Reader systems, Pandigital's Novel e-Reader system, and Barnes & Noble's Nook e-Reader systems.

42. On information and belief, defendant Sony, and Nintendo have infringed one or more claims of the '676 patent, including at least claim 1, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing form-driven systems for entering transaction data into a remote database, including, but not limited to, handheld gaming consoles, including the Sony PSP, and Nintendo DS.

43. Defendants committed these acts of infringement without license or authorization.

44. As a result of defendants' infringement of the '676 patent, LVL has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless defendants' infringing activities are enjoined by this Court.

45. LVL has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '676 patent.

## COUNT II

### (Infringement of U.S. Patent No. 5,987,103)

46.     LVL is the owner by assignment of United States Patent No. 5,987,103 (the "'103 patent"), entitled "Telephone/Transaction Entry Device and System for Entering Transaction Data Into Databases."  The '103 patent issued on November 16, 1999.  A true and correct copy of the '103 patent is attached hereto as Exhibit B.

47.     On information and belief, defendants FedEx, UPS, and DHL have infringed one or more claims of the '103 patent, including at least claim 1, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a data transaction system including a console with a form driven operating system that transmits data from a form presented to a user over a transmission medium to a server that stores the data, including, but not limited to, systems used for processing and tracking packages.

48.     On information and belief, defendant Motorola has infringed one or more claims of the '103 patent, including at least claim 1, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a data transaction system including a console with a form driven operating system that transmits data from a form presented to a user over a transmission medium to a server that stores the data, including, but not limited to, systems used for inventory management purposes.

49.     On information and belief, defendant Garmin and Magellan have infringed one or more claims of the '103 patent, including at least claim 1, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a data transaction system including a console with a form driven operating system that transmits data from a form presented to a user over a transmission medium to a server that stores the data, including, but not limited to, 3G-enabled geographic navigation systems.

50.     On information and belief, defendant Verifone, Hypercom, Ingenico Corp., Ingenico Inc., and First Data have infringed one or more claims of the '103 patent, including at least claim 1, literally and under the doctrine of equivalents, by making, using, selling, offering

to sell, or importing a data transaction system including a console with a form driven operating system that transmits data from a form presented to a user over a transmission medium to a server that stores the data, including but not limited to payment processing system, including the terminals and servers.

51. On information and belief, defendant Delta Airlines, United Airlines, Southwest Airlines, American Airlines, US Airways, Air Canada, AirTran Airways, and JetBlue have infringed one or more claims of the '103 patent, including at least claim 1, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a data transaction system including a console with a form driven operating system that transmits data from a form presented to a user over a transmission medium to a server that stores the data, including but not limited to customer travel management systems to manage customer travel, including without limitation the kiosks and network services platform.

52. On information and belief, defendant Marriott, Starwood, ICH, Hyatt, and Hilton have infringed one or more claims of the '103 patent, including at least claim 1, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a data transaction system including a console with a form driven operating system that transmits data from a form presented to a user over a transmission medium to a server that stores the data, including but not limited to customer lodging services system, including kiosks used to check-in and check-out guests and the corresponding network services platform.

53. On information and belief, defendant Amazon, Pandigital, and Barnes & Noble have infringed one or more claims of the '103 patent, including at least claim 1, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a data transaction system including a console with a form driven operating system that transmits data from a form presented to a user over a transmission medium to a server that stores the data, including, but not limited to, Amazon's Kindle e-Reader systems, Pandigital's Novel e-Reader system, and Barnes & Noble's Nook e-Reader systems.

54. On information and belief, defendant Sony, and Nintendo have infringed one or

more claims of the '103 patent, including at least claim 1, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a data transaction system including a console with a form driven operating system that transmits data from a form presented to a user over a transmission medium to a server that stores the data, including, but not limited to, handheld gaming consoles, including the Sony PSP, and Nintendo DS.

55. Defendants committed these acts of infringement without license or authorization.

56. As a result of defendants' infringement of the '103 patent, LVL has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless defendants' infringing activities are enjoined by this Court.

57. LVL has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '103 patent.

## COUNT III

### (Infringement of U.S. Patent No. 6,044,382)

58. LVL is the owner by assignment of United States Patent No. 6,044,382 (the "'382 patent"), entitled "Data Transaction Assembly Server."  The '382 patent issued on March 28, 2000.  A true and correct copy of the '382 patent is attached hereto as Exhibit C.

59. On information and belief, defendants FedEx, UPS, and DHL have infringed one or more claims of the '382 patent, including at least claims 1 and 19, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a data transaction system comprising a console with a form driven operating system that transmits data from a form presented to a user over a transmission medium to a server that processes the data to either forward the data to another server or to provide data back to the console, including but, not limited to, systems used for processing and tracking packages.

60. On information and belief, defendant Motorola has infringed one or more claims of the '382 patent, including at least claims 1 and 19, literally and under the doctrine of

equivalents, by making, using, selling, offering to sell, or importing a data transaction system comprising a console with a form driven operating system that transmits data from a form presented to a user over a transmission medium to a server that processes the data to either forward the data to another server or to provide data back to the console, including, but not limited to, systems used for inventory management purposes.

61.     On information and belief, defendant Garmin and Magellan have infringed one or more claims of the '382 patent, including at least claims 1 and 19, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a data transaction system comprising a console with a form driven operating system that transmits data from a form presented to a user over a transmission medium to a server that processes the data to either forward the data to another server or to provide data back to the console, including, but not limited to, 3G-enabled geographic navigation systems.

62.     On information and belief, defendant Verifone, Hypercom, Ingenico Corp., Ingenico Inc., and First Data have infringed one or more claims of the '382 patent, including at least claims 1 and 19, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a data transaction system comprising a console with a form driven operating system that transmits data from a form presented to a user over a transmission medium to a server that processes the data to either forward the data to another server or to provide data back to the console, including, but not limited to, payment processing system, including the terminals and servers.

63.     On information and belief, defendant Delta Airlines, United Airlines, Southwest Airlines, American Airlines, US Airways, Air Canada, AirTran Airways, and JetBlue have infringed one or more claims of the '382 patent, including at least claims 1 and 19, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a data transaction system comprising a console with a form driven operating system that transmits data from a form presented to a user over a transmission medium to a server that processes the data to either forward the data to another server or to provide data back to the console, including but not

limited to customer travel management systems to manage customer travel, including without limitation the kiosks and network services platform.

64. On information and belief, defendant Marriott, Starwood, ICH, Hyatt, and Hilton have infringed one or more claims of the '382 patent, including at least claims 1 and 19, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a data transaction system comprising a console with a form driven operating system that transmits data from a form presented to a user over a transmission medium to a server that processes the data to either forward the data to another server or to provide data back to the console, including but not limited customer lodging services system, including kiosks used to check-in and check-out guests and the corresponding network services platform.

65. On information and belief, defendant Amazon, Pandigital, and Barnes & Noble have infringed one or more claims of the '382 patent, including at least claims 1 and 19, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a data transaction system comprising a console with a form driven operating system that transmits data from a form presented to a user over a transmission medium to a server that processes the data to either forward the data to another server or to provide data back to the console, including, but not limited to, Amazon's Kindle e-Reader systems, Pandigital's Novel e-Reader system, and Barnes & Noble's Nook e-Reader systems.

66. On information and belief, defendant Sony, and Nintendo have infringed one or more claims of the '382 patent, including at least claims 1 and 19, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a data transaction system comprising a console with a form driven operating system that transmits data from a form presented to a user over a transmission medium to a server that processes the data to either forward the data to another server or to provide data back to the console, including, but not limited to, handheld gaming consoles, including the Sony PSP, and Nintendo DS.

67. As a result of defendants' infringement of the '382 patent, LVL has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless defendants' infringing activities are enjoined by this Court.

68. LVL has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '382 patent.

## PRAYER FOR RELIEF

LVL prays for the following relief:

1. A judgment that each defendant has infringed (either literally or under the doctrine of equivalents) one or more claims of the Asserted Patents;

2. A permanent injunction enjoining each defendants and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing the Asserted Patents;

3. An award of damages resulting from each defendant's acts of infringement in accordance with 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to LVL its reasonable attorneys' fees against each defendant;

5. A judgment and order requiring defendants to provide an accounting and to pay supplemental damages to LVL, including without limitation, pre-judgment and post-judgment interest; and

6. Any and all other relief to which LVL may show itself to be entitled.

DEMAND FOR JURY TRIAL

LVL demands a trial by jury on all issues so triable.

| | |
|---|---|
| September 15, 2011 | BAYARD, P.A. |
| | /s/ *Richard D. Kirk* |
| | Richard D. Kirk (rk0922) |
| | Stephen B. Brauerman (sb4952) |
| Of Counsel: | 222 Delaware Avenue, Suite 900 |
| | Wilmington, DE  19801 |
| Marc A. Fenster | (302) 655-5000 |
| Russ, August & Kabat | rkirk@bayardlaw.com |
| 12424 Wilshire Boulevard, 12th Floor | sbrauerman@bayardlaw.com |
| Los Angeles, CA  90025-1031 | |
| (310) 826-7474 | Attorneys for Plaintiff, |
| mfenster@raklaw.com | LVL Patent Group, LLC |