IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CYBERFONE SYSTEMS, LLC (formerly known as LVL PATENT GROUP, LLC), | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 11-834 (SLR) |
| v. | ) ) | |
| FEDERAL EXPRESS CORPORATION; UNITED PARCEL SERVICE, INC.; DHL EXPRESS (USA), INC.; MOTOROLA SOLUTIONS, INC. ; GARMIN USA, INC.; MITAC DIGITAL CORPORATION; VERIFONE SYSTEMS, INC.; HYPERCOM CORPORATION; HYPERCOM U.S.A., INC.; EQUINOX PAYMENTS, LLC; INGENICO CORP.; INGENICO INC.; FIRST DATA CORPORATION; DELTA AIR LINES, INC.; UNITED AIR LINES, INC.; SOUTHWEST AIRLINES CO.; AMERICAN AIRLINES, INC.; US AIRWAYS, INC.; AIR CANADA; AIRTRAN AIRWAYS, INC.; JETBLUE AIRWAYS CORPORATION; MARRIOTT INTERNATIONAL, INC.; STARWOOD HOTELS & RESORTS WORLDWIDE, INC.; INTER-CONTINENTAL HOTELS CORPORATION; HYATT CORPORATION; HILTON WORLDWIDE, INC.; AMAZON.COM, INC.; PANDIGITAL, INC.; BARNES & NOBLE, INC.; SONY ELECTRONICS INC.; AND NINTENDO OF AMERICA INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**THE MOVING DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION
FOR MISJOINDER PURSUANT TO RULES 20 AND 21**

February 9, 2012

<u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................................... ii

I.      INTRODUCTION ............................................................................................1

II.     ARGUMENT ...................................................................................................3

        A.     Any Right to Relief Against the Moving Defendants Did
               Not Arise Out of The Same Transaction Or Occurrence ............................3

        B.     The AIA Applies to this Dispute Because the FAC Does
               Not Relate Back to the Original Complaint .................................................6

        C.     The Most Efficient Arrangement of Defendants Is Not the
               Twenty-Two Actions CyberFone Has Created .........................................9

III.    CONCLUSION ...............................................................................................10

TABLE OF AUTHORITIES

Page(s)

CASES

*Brandywine Commc'ns Techs., LLC v. Apple, Inc.*,
   C.A. No. 11-1512-Orl-36KRS, (M.D. Fla. Jan. 24, 2012) ...................................................4

*Braud v. Transp. Serv. Co. of Ill.*,
   445 F.3d 801 (5th Cir. 2006) ...........................................................................................7, 8

*Codex Corp. v. Milgo Elec. Corp.*,
   553 F.2d 735 (1st Cir. 1977) ..............................................................................................10

*DirecTV, Inc. v. Leto*,
   437 F.3d 842 (3d Cir. 2006) .................................................................................................3

*Farina v. Nokia, Inc.*,
   625 F.3d 97 (3d Cir. 2010) ..............................................................................................7, 8

*Hagan v. Rogers*,
   570 F.3d 146 (3d Cir. 2009) .................................................................................................4

*MicroUnity Sys. Eng'g, Inc. v. Acer Inc.*,
   No. 2:10-CV-91-TJW-CE, 2011 WL 4591917 (E.D. Tex. Sept. 30, 2011) ...........................6

*MyMail, Ltd. v. Am. Online, Inc.*,
   223 F.R.D. 455 (E.D. Tex. 2004) ........................................................................................6

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   564 F. Supp. 1358 (D. Del. 1983) ........................................................................................3

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
   220 F.R.D. 415 (D. Del. 2004) ............................................................................................3

*Prime Care of Ne. Kan., LLC v. Humana Ins. Co.*,
   447 F.3d 1284 (10th Cir. 2006) ...........................................................................................8

*Rudd v. Lux Prods. Corp.*,
   C.A. No. 09-6957, 2011 WL 148052 (N.D. Ill. Jan. 12, 2011) .............................................4

*Schiavone v. Fortune*,
   477 U.S. 21 (1986) ..............................................................................................................7

*Softview LLC v. Apple Inc.*,
   C.A. No. 10-389-LPS, 2011 U.S. Dist. LEXIS 112476, 2011 WL 4571793
   (D. Del. Sep. 30, 2011)........................................................................................................5

*Sony Elecs., Inc. v. Orion IP, LLC*,
C.A. No. 05-255-GMS, 2006 WL 680657 (D. Del. Mar. 14, 2006)......................................10

*SRI Int'l, Inc. v. Internet Security Sys., Inc.*,
C.A. No. 04-1199-SLR, 2005 U.S. Dist. LEXIS 6797 (D. Del. Apr. 13, 2005) ................4, 5

*United States v. Martinez*,
195 U.S. 469 (1904) .............................................................................................................8

*Wacoh Co. v. Kionix, Inc.*,
C.A. No. 10-617-RGA, 2012 WL 70673 (D. Del. Jan. 9, 2012) .............................................3

**RULES AND STATUTES**

Fed. R. Civ. P. 8...................................................................................................................9

Fed. R. Civ. P. 15.............................................................................................................7, 8

Fed. R. Civ. P. 20........................................................................................................2, 3, 5

**OTHER AUTHORITIES**

H.R. REP. No. 112-98, pt. 1 (2011).........................................................................................5

## I.    INTRODUCTION

In opposing Moving Defendants' motion for misjoinder, CyberFone Systems, LLC ("CyberFone") claims that "the primary purpose of permissive joinder is 'to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'"  (D.I. 144 at 3).  Yet CyberFone itself initially filed **nine** separate actions against more than 150 defendants on five related patents, and then brought **thirteen** additional actions on one of those same five patents.[1]  In short, CyberFone always sought the "duplicity" that it now claims would be a waste of resources, including "conduct[ing] multiple claim construction hearings," and "review[ing] parallel briefs on common issues in multiple cases."  (*Id.* at 8). Those arguments ring hollow.

Nowhere in its answering brief does CyberFone even attempt to defend the particular arrangement of defendants in the 11-834 action, which spans more than twenty different defendants involved in a host of unrelated businesses, including package delivery, electronic payment processing, navigation systems, e-book readers, airlines, hotels, and gaming systems. Indeed, CyberFone never discusses the individual defendants' products and services, or even their industries, in its answering brief.  (D.I. 144).  Instead, CyberFone states broadly that joinder is appropriate because the defendants' "products function similarly to one another's products for infringement purposes."  (*Id.* at 7).  CyberFone, however, fails to identify any similarities among the more than 70 products accused in this action.  Indeed the only similarity that CyberFone actually alleges among the defendants and their products is the patents in suit.  That is not the

---

[1]    On January 30, 2012, CyberFone brought thirteen separate actions asserting infringement of the '060 patent: one against each of the unrelated defendants already a party in the 11-828 action.  These actions are C.A. No. 12-107 and 12-109 through 12-120.

law of joinder.  Although Rule 20 permits joinder of unrelated defendants when the facts show that a common transaction or occurrence links all the defendants, alleged infringement of the same patents—and the things that necessarily follow therefrom—without more, simply does not satisfy this standard.

Moreover CyberFone's arguments for joinder apply equally to the defendants across all the separate actions.  CyberFone already expressed its preference for severance by filing nine original actions—six of which involve at least one of the patents asserted in this case. CyberFone then filed thirteen additional actions against each of the remaining defendants in the 11-828 action, asserting the '060 patent, which is already asserted in three of these cases. Coordination across the actions is already required to avoid duplication of effort, and CyberFone's arrangement of defendants does not help.  Nowhere does CyberFone explain why it gets to decide how to slice and dice 150 separate companies with hundreds of different products across many industries into twenty-two actions, where neither the defendants nor the Court have any say in the matter.  Nor does it acknowledge that the Court retains the discretion to coordinate pretrial proceedings across separate actions so as to reduce any burden to the Court, or that any difficulties caused by severance are a problem of its own making—a natural consequence of having sued over 150 defendants.

There is no reason to force the inclusion of otherwise uninterested parties into disputes simply because CyberFone chose to lump them together in a particular action.[2]  Separation

---

[2] There is no inherent reason, for example, why two separate Motorola entities are accused of selling the same products in two separate actions, why the '024 patent is asserted only against Apple in the 11-827 action when the same claims are the only ones asserted in 11-832, or why the same patents are asserted in different actions.

solves this problem and reduces the number of parties before the Court for any given issue to only those parties with an interest in that dispute.[3]

## II.     ARGUMENT

### A.     Any Right to Relief Against the Moving Defendants Did Not Arise Out of The Same Transaction Or Occurrence

As discussed in the Moving Defendants' Opening Brief, Rule 20 has two distinct tests, **both** of which must be satisfied to permit joinder, and the failure of **either** results in the misjoinder of the parties. *DirecTV, Inc. v. Leto*, 437 F.3d 842, 844 (3d Cir. 2006) ("Misjoinder . . . occurs when there is no common question of law or fact or when, as here, the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction."); *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004) (citing *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1370 (D. Del. 1983) ("In order to permit joinder, both tests must be satisfied.")); *Wacoh Co. v. Kionix, Inc.*, C.A. No. 10-617-RGA, 2012 WL 70673, at *1 (D. Del. Jan. 9, 2012) ("there are two conditions that need to be met for joinder of defendants").

CyberFone claims that the "common 'series of transaction or occurrences' prong of Rule 20(a) is satisfied . . . when products of different defendants function similarly for infringement purposes." (D.I. 144 at 6).  Even accepting their standard *arguendo*, CyberFone contends only that "the Moving Defendants' products function similarly to one another's products for infringement purposes" (*id.* at 7), which is no different from contending that they infringe the

---

[3]     Separating the actions, for example, does not preclude the Court and the parties from coordinating proceedings as appropriate, such as by asserted patents or accused products.

same patent.[4]  Yet CyberFone does not even attempt to explain what, other than the asserted

patent, is "similar" among the more than 70 accused products across a host of different

industries.  Instead, CyberFone merely asserts a tautology.  Because the "functionality accused in

each of those products is similar" . . . "[t]here will therefore be common issues of fact and law

relating to the architecture and functionality of the accused products."[5]   (D.I. 144 at 7).

CyberFone also does not explain its decision to separate this action from the 11-827 and 11-830

actions—both involving the same three patents asserted here, or its decision to separate this

action from the 11-828, 11-833, and 11-835 actions, which all also involve the '382 patent.

Moreover, the Delaware cases CyberFone cites are distinguishable from this action.  For

example, *SRI Int'l, Inc. v. Internet Security Sys., Inc.,* C.A. No. 04-1199-SLR, 2005 U.S. Dist.

LEXIS 6797 (D. Del. Apr. 13, 2005), does not support CyberFone's position.  In *SRI*, which was

decided well before the AIA, the plaintiff alleged infringement by only two defendants in the

---

[4]     Construing alleged infringement of common patents as sufficient for joinder would "eviscerate[] the same transaction or occurrence requirement and make[] it indistinguishable from the requirement that there be a common question of law or fact." *Brandywine Commc'ns Techs., LLC v. Apple, Inc.,* C.A. No. 11-1512-Orl-36KRS, slip op. at 4 n.2 (M.D. Fla. Jan. 24, 2012) (quoting *Rudd v. Lux Prods. Corp.,* C.A. No. 09-6957, 2011 WL 148052, at *2-3 (N.D. Ill. Jan. 12, 2011)) (Ex. A).  Even in CyberFone's cited case, *eSpeed, Inc. v. BrokerTec, USA, LLC,* Judge Jordan explicitly held "[i]nfringement of the same patent by different machines and parties **does not constitute** the same transaction or occurrence to justify joinder."  C.A. No. 03-612-KAJ, 2004 U.S. Dist. LEXIS 13486, at *10 n.9 (D. Del. June 15, 2004) (emphasis added) (cited by CyberFone in D.I. 144 at 3).  CyberFone's joinder arguments are improperly based on "general assumptions" and not "based on the specific fact pattern presented by the plaintiff[]."  *Hagan v. Rogers,* 570 F.3d 146, 157 (3d Cir. 2009)

[5]     CyberFone raises other purported commonalities with respect to the "common issues of fact and law" element, such as "conception and reduction to practice of the asserted patents, claim construction level of skill in the art, and relevance of prior art."  (*Id.*).  All of these so-called commonalities, however, necessarily arise from the assertion of common patents, and do not relate to the requirement that the "**right to relief** . . . ar[ose] out of the same transaction, occurrence, or series of transactions or occurrences."  Congress has recently confirmed with the passage of the AIA that the mere assertion of a common patent is an insufficient basis for joinder.

very narrow field of "computer network protection systems." *Id.* at *11. This is more than a common patent alone, and more than CyberFone alleges in response to Moving Defendants' motion.

CyberFone also cites *Softview LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2011 U.S. Dist. LEXIS 112476, at *1-3, 2011 WL 4571793, at *1 (D. Del. Sep. 30, 2011), arguing that the Court "granted the motion over defendants' objection that there would be jury confusion." (D.I. 77 at 3-4). In fact, Judge Stark explicitly reserved on the question of severance at trial. *Softview*, 2011 WL 4571793, at *1 ("Under the circumstances, it would be premature for the Court to decide the issue of separate trials"). Leave to amend was granted because the defendants' objections "about jury confusion" were "premature" and therefore "d[id] not present a sufficient reason to deny Softview leave to amend." *Id.* The issue of pre-trial joinder is not yet settled in *Softview*, as the new defendants have now sought severance in separate motions, which are currently pending. (C.A. No. 10-389 D.I. 143, 148, 153, 156, 185).

CyberFone also tries to downplay the import of the AIA by suggesting that this Court should disregard the AIA merely because this action was filed an hour before its enactment. (D.I. 144 at 5). Not so. The AIA represents Congress's intent to "abrogate[] the construction of Rule 20(a) adopted in *MyMail . . . Sprint Communications Co. v. Theglobe.com, Inc. . . . Alford Safety Services, Inc. v. Hot-Hed, Inc. . . .* –**effectively conforming** these courts' jurisprudence to that **followed by a majority of jurisdictions**." H.R. REP. No. 112-98, pt. 1, at 55 n.61 (2011) (emphasis added). Although CyberFone tries to pass these words off as arguments by Moving Defendants, they are not—they are Congress's own words. The cases Moving Defendants cite do not "represent only one side of the pre-AIA judicial divide on joinder" (D.I. 144 at 7); they represent the Congressionally-approved, and now mandated, judicial interpretation of Rule 20 in

patent actions.[6]   CyberFone's arguments for joinder of any defendant—based on general statements in non-patent cases that "the impulse is towards entertaining the broadest scope of action," and that "joinder of claims, parties and remedies is strongly encouraged" (D.I. 144 at 3)—simply ignore that Congress reached the exact contrary conclusion in the AIA.

### B.     The AIA Applies to this Dispute Because the FAC Does Not Relate Back to the Original Complaint

CyberFone does not contest that joinder would be improper under the AIA, but instead claims that the AIA is inapplicable because "this case was filed before the adoption of [the AIA]."  (D.I. 144 at 1).  There can be no dispute, however, that CyberFone filed the FAC well after the enactment of the AIA.  It is telling that CyberFone chose only to collaterally attack the Moving Defendants' arguments rather than presenting any evidence that the FAC should, in fact, relate back.  Even CyberFone's collateral attacks fail, and CyberFone should not be allowed to simply "tack on" whatever new allegations to its original Complaint without regard to the applicability of the AIA.

First, CyberFone's contention that the Moving Defendants "waive[d]" the argument that the FAC does not relate back to the original Complaint is without merit.  (D.I. 144 at 11).

---

[6]     Indeed, other than the one District of Kansas opinion CyberFone now cites, the *MyMail* line of cases have been cited approvingly almost exclusively within the Fifth Circuit. The opinions Moving Defendants have cited in this and their Opening Brief (D.I. 106 at 10-14), on the other hand, reflect decisions in patent cases from the Second, Third, Fourth, Seventh, Eighth, Ninth, and Eleventh Circuits.  Even the *MyMail* line of cases that CyberFone cites from the Fifth Circuit are much different than this one.  In *MyMail, Ltd. v. Am. Online, Inc.*, the Court noted that the defendants "shared resources, such as dial-up Internet access numbers."  223 F.R.D. 455, 457 (E.D. Tex. 2004).  Similarly, in *MicroUnity Sys. Eng'g, Inc. v. Acer Inc.*, No. 2:10-CV-91-TJW-CE, 2011 WL 4591917, at *3 (E.D. Tex. Sept. 30, 2011), the Court noted that the accused products all used the same component (the ARM architecture and instruction set).  CyberFone has made not a single allegation that there is any such connection between the defendants or their products.

Although not their burden to do so, the Opening Brief's discussion on pp. 14-15, 17-18 more than adequately sets forth Moving Defendants' position that the FAC did not relate back to the original Complaint under Rule 15, especially for the defendants that were added without apparent or alleged connection to the original defendants or allegations.

Next, CyberFone contends that "many of the Moving Defendants seeking this relief . . . are not even the newly-added defendants."  (D.I. 144 at 8)  This is irrelevant as two of the four new parties do join in this motion.[7]  Moreover, the *Farina* court determined that the CAFA, on which federal subject matter jurisdiction was based, applied to all defendants, and not just the newly added ones.  *Farina v. Nokia, Inc.*, 625 F.3d 97, 114-15 (3d Cir. 2010) ("Federal jurisdiction over Farina's suit arose on December 23, 2005, when the Second Amended Complaint commenced a new civil action [by including two new defendants] and brought the case under CAFA.").

CyberFone then argues that *Farina* is inapplicable because 1) *Farina* addressed the Fifth Circuit's "*Braud* approach" to relation back, which relies upon Supreme Court precedent from 1932 and 1904, before the enactment of the Federal Rules,[8] and 2) "it relies for the

---

[7]     The time to respond for newly added defendants Motorola Solutions, Inc. and Equinox Payments, LLC, had not yet passed when Moving Defendants filed the Motion.  Since then, Motorola Solutions, Inc. and Equinox Payments, LLC, have joined in the motion. (D.I. 134, 141.)  In addition, newly added defendant Hyatt Corporation has filed its own separate Motion to Dismiss Based on Misjoinder or In the Alternative to Sever and Transfer The Claims.  (D.I. 138.)

[8]     CyberFone's reliance on *Schiavone v. Fortune*, 477 U.S. 21, 24 (1986), is particularly confusing.  In *Schiavone*, the Supreme Court held that an amended complaint **did not** relate back to an earlier filed complaint where the statute of limitations had expired between the original and amended complaints, even though the originally named defendant, Fortune, was a division of the party plaintiff Schiavone sought to add, Time. If anything, *Schiavone* supports the Moving Defendants' position that relation back is not appropriate.

commencement definition on Pennsylvania law." (D.I. 144 at 9). As an initial matter, CyberFone's suggestion that the Fifth Circuit **ignored** the Rules of Civil Procedure in its **2006** *Braud* decision because it relied on pre-Rules Supreme Court precedent is plainly wrong. In fact, the *Braud* court explicitly considered the import of Fed. R. Civ. P. 15(c)(3). *Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 806-07 (5th Cir. 2006). Moreover, the *Farina* court only applied Pennsylvania law after considering relation back precedent from the First, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Circuits. 625 F.3d at 111-13. It further traced the origins of its holding that "[g]enerally 'a party brought into court by an amendment, and who has, for the first time, an opportunity to make defense to the action, has a right to treat the proceeding, as to him, as commenced by the process which brings him into court,'" to Federal, not Pennsylvania, law. *Id.* at 111 (quoting *Braud*, 445 F.3d at 805 (quoting *United States v. Martinez*, 195 U.S. 469, 473 (1904)). And although CyberFone claims that *Farina* "do[es] not dispose of the issue here" (D.I. 144 at 8), the Third Circuit in *Farina* considered exactly the question of how to determine whether a complaint filed before the enactment of a statute, but amended after enactment, "commenced" before or after the statute. *Id.* at 111-13. CyberFone's attempt to completely ignore the effect of amending its Complaint is precisely what concerned the *Farina* court, which stated:

> [T]he unqualified disregard of any post-[Act] pleading amendments ... entails the practically untenable result that once a pre-[Act] case is filed, the plaintiff can tack on new causes of action so substantively independent of the original case that they would be properly treated as filed after [Act]'s effective date for all legal purposes ... *except for [the Act]*.

*Id.* at 111 (quoting approvingly *Prime Care of Ne. Kan., LLC v. Humana Ins. Co.*, 447 F.3d 1284, 1288 n.4 (10th Cir. 2006)).

Finally, CyberFone simply ignores the Moving Defendants' point that "CyberFone's original thread-bare eleventh hour complaint to avoid the express misjoinder provisions of the AIA was facially defective because it, for most if not all of the defendants, failed to satisfy even the liberal pleading requirements of Fed. R. Civ. P. 8(a)." (D.I. 144 at 18)  Indeed, CyberFone amended its original Complaint to identify products before the Defendants could respond—but even this was well after the enactment of the AIA.  CyberFone's bare original Complaint, filed at the literal eleventh hour, should not allow it to circumvent Congress's intent for the AIA, when even CyberFone acknowledged further detail was necessary.

## C.     The Most Efficient Arrangement of Defendants Is Not the Twenty-Two Actions CyberFone Has Created

Joinder is also an inefficient use of the Court's, and the parties', resources.  CyberFone argues that separating the Moving Defendants in this action would result in a parade of horribles for the Court, claiming that separation will "increase the burden on the Court." (D.I. 144 at 8).  What CyberFone neglects to mention, however, is that it has already chosen to inflict these very things upon the Court (and the defendants) by filing **twenty-two** separate actions against more than 150 defendants.  If, as CyberFone suggests in its brief, the Court must hold a separate *Markman* hearing for each action, the Court is already faced with twenty-two hearings on the same five patents, six hearings including the patents in this action.  The same can also be said for every argument that CyberFone makes about waste or inefficiency in its opposition to the defendants' motion.  CyberFone's arguments are simply an attempt to misdirect blame for the burden it forced upon this Court when it filed these actions.

In evaluating efficiency, therefore, the question is not one case or several, but instead how the several cases should be arranged.  Indeed, CyberFone does not dispute the Moving Defendants' arguments that they will be prejudiced at trial, but instead claims that "[s]everance

for trial can be considered close to trial . . . ." (D.I. 144 at 8).  Delaying until trial, however, does not serve efficiency with the multi-action nature of this case.  As Chief Judge Sleet held, "[a]lthough there may be some efficiency to be gained by consolidating certain aspects of discovery, [plaintiff] ignores the possibility that collateral issues specific to any one of the many unrelated parties involved in both cases may create inefficiencies that would not arise if the proceedings remained separate." *Sony Elecs., Inc. v. Orion IP, LLC*, C.A. No. 05-255-GMS, 2006 WL 680657, at *2 (D. Del. Mar. 14, 2006) (citing *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 739 (1st Cir. 1977)).  The Court is already faced with overlapping, but separate, actions that eliminate the potential efficiency of a single action.  To the extent that efficiency can be gained before trial, it is by narrowing disputes and issues to only the interested parties—not by lumping disparate defendants together in a single action.[9]  Separate actions leave the Court and the parties free to choose the parties with whom to coordinate on any given issue, and will prevent a dispute among a limited number of parties from engulfing otherwise uninterested parties merely by virtue of being part of the same action.

## III.  CONCLUSION

For the foregoing reasons, and the reasons stated in their Opening Brief, the Moving Defendants respectfully request that the Court dismiss them from this case, or in the alternative, sever the claims against them from the other defendants.

---

[9]     CyberFone's January 30, 2012 addition of thirteen lawsuits—one against each unrelated defendant in the 11-828 action—that alleged infringement of one of the same five patents further illustrates why joint actions are inappropriate.  As facts and contentions are revealed throughout discovery, new issues that will likely be specific to some, but not all, defendants will be uncovered.  Rather than rearranging the actions whenever a new issue is discovered, as CyberFone attempted to do on January 30 and which has the potential to add additional rounds of motion practice, separate actions can be coordinated as appropriate on each issue.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Paul Saindon
_____
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Paul Saindon (#5110)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
psaindon@mnat.com

*Attorneys for US Airways, Inc., Air Canada and United Air Lines, Inc.*

OF COUNSEL:

Stephen Baskin
KILPATRICK TOWNSEND & STOCKTON LLP
Suite 900
607 14th Street, N.W
Washington, DC, 20005-2018
(202) 508-5899

John Alemanni
Michael T. Morlock
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101
(336) 607-7300


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Paul Saindon
_____
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
psaindon@mnat.com

*Attorneys for Hypercom Corporation and Verifone Systems, Inc.*

OF COUNSEL:

Owen W. Dukelow
KOLISCH HARTWELL, P.C.
520 S.W. Yamhill Street
200 Pacific Building
Portland, Oregon  97204
(503) 224-6655

MORRIS, NICHOLS, ARSHT & TUNNELL LLP                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Paul Saindon*                                     */s/ Paul Saindon*
Jack B. Blumenfeld (#1014)                             Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)                            Karen Jacobs Louden (#2881)
Paul Saindon (#5110)                                   Paul Saindon (#5110)
1201 N. Market Street                                  1201 N. Market Street
P.O. Box 1347                                          P.O. Box 1347
Wilmington, DE  19899-1347                             Wilmington, DE  19899-1347
(302) 658-9200                                         (302) 658-9200
jblumenfeld@mnat.com                                   jblumenfeld@mnat.com
klouden@mnat.com                                       klouden@mnat.com
psaindon@mnat.com                                      psaindon@mnat.com

*Attorneys for Inter-Continental Hotels Corp.*         *Attorneys for Defendant Hilton Worldwide,*
                                                       *Inc.*
OF COUNSEL:

George L. Murphy, Jr.
Vaibhav P. Kadaba
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA  30309
(404) 815-6500

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Paul Saindon*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Paul Saindon (#5110)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
psaindon@mnat.com

*Attorneys for Ingenico Corp., Ingenico Inc.
and United Parcel Service, Inc.*

OF COUNSEL:

John Fry
Kelly L. Whitehart
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, GA 30326, USA

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Paul Saindon*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Paul Saindon (#5110)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
psaindon@mnat.com

*Attorneys for Motorola Solutions Inc.*

OF COUNSEL:

Michael L. Brody
Jonathan E. Retsky
Thomas M. Williams
James Winn
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601

Krishnan Padmanabhan
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY  10166-4193
(212) 294-6700

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

FISH & RICHARDSON, P.C.

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendant Sony Electronics, Inc.*

OF COUNSEL:

Charles Steenburg
Michael Rader
James J. Foster
WOLF, GREENFIELD & SACKS P.C.
600 Atlantic Avenue
Boston, MA 02210

*/s/ Lauren M. Pringle*
Lauren M. Pringle (#5375)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
(302) 778-8474
pringle@fr.com

*Attorney for Defendants Federal Express Corp. and Barnes & Noble, Inc.*

RATNERPRESTIA

RATNERPRESTIA

*/s/ Rex A. Donnelly*
Rex A. Donnelly (#3492)
1007 Orange Street, Suite 1100
Wilmington, DE  19801
(302) 778-2500
radonnelly@ratnerprestia.com

*Attorneys for Equinox Payments, LLC*

OF COUNSEL:

M. Elizabeth Day
Marc C. Belloli
Sal Lim
FEINBERG DAY ALBERTI & THOMPSON LLP
401 Florence Street, Suite 200
Palo Alto, CA  94301
(650) 618-4360

*/s/ Rex A. Donnelly*
Rex A. Donnelly (#3492)
1007 Orange Street, Suite 1100
Wilmington, DE  19801
(302) 778-2500
radonnelly@ratnerprestia.com

*Attorneys for Pandigital, Inc.*

OF COUNSEL:

James P. Martin
Lisa Stockholm
SHARTSIS FRIESE LLP
One Maritime Plaza, 18th Floor
San Francisco, CA  94111
(415) 421-6500

POTTER ANDERSON & CORROON LLP

RICHARDS, LAYTON & FINGER, P.A.

*/s/ David E. Moore*

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Amazon.com, Inc.*

OF COUNSEL:

J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
(650) 988-8500

Ryan J. Marton
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
(415) 875-2300

*/s/ Kelly E. Farnan*

Allen Terrell, Jr. (#937)
Kelly E. Farnan (#4395)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
terrell@rlf.com
farnan@rlf.com

*Attorneys for Southwest Airlines Co. and
AirTran Airways Inc.*

OF COUNSEL:

Max Ciccarelli
Justin S. Cohen
THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, TX 75201
(214) 969-1700

DLA Piper LLP (US)

/s/ Aleine Porterfield
Denise S. Kraft (#2778)
Aleine Porterfield (#5053)
919 N. Market Street, Suite 1500
Wilmington, DE 19801
(302) 468-5645
denise.kraft@dlapiper.com
aleine.porterfield@dlapiper.com

*Attorneys for Starwood Hotels & Resorts Worldwide Inc.*

OF COUNSEL:

John Guaragna
Brian Erickson
Aaron Fountain
DLA Piper LLP (US)
401 Congress Avenue
Suite 2500
Austin, TX 78701-3799

RICHARDS, LAYTON & FINGER, P.A.

/s/ Anne Shea Gaza
Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Travis S. Hunter (#5350)
One Rodney Square
920 N. King Street
Wilmington, DE  19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
hunter@rlf.com

*Attorneys for Marriott International, Inc.*

OF COUNSEL:

Brian M. Koide
John L. Cuddihy
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004-2595
(202) 624-2500

POTTER ANDERSON & CORROON LLP

*/s/ Philip A. Rovner*

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendant First Data
Corporation*

OF COUNSEL:

Bobbie Wilson
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
(415) 344-7000

Christopher Kao
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
(650) 838-4300

POTTER ANDERSON & CORROON LLP

*/s/ David E. Moore*

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Nintendo of America Inc.*

OF COUNSEL:

Timothy S. Teter
Benjamin G. Damstedt
COOLEY LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
(650) 843-5000

GREENBERG TRAURIG, LLP

/s/ Eve H. Ormerod
Gregory E. Stuhlman (#4765)
Eve H. Ormerod (#5369)
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7000
stuhlmang@gtlaw.com
ormerode@gtlaw.com

*Attorneys for Defendant DHL Express (USA), Inc.*

OF COUNSEL:

Michael A. Nicodema
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, NJ 07932
(973) 360-7932

Kimberly A. Warshawsky
GREENBERG TRAURIG, LLP
2375 E. Camelback Rd., Suite 700
Phoenix, AZ 85016
(602) 445-8566


February 9, 2012

ASHBY & GEDDES

/s/ John G. Day
John G. Day (#2403)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendant JetBlue Airways Corporation*

OF COUNSEL:

Jordan A. Sigale
LOEB & LOEB LLP
321 North Clark Street
Suite 2300
Chicago, IL 60654