**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

CYBERFONE SYSTEMS, LLC,

                  Plaintiff,

      v.

FEDERAL EXPRESS CORPORATION, ET
AL.,

                  Defendants.

Civil Action No. 1:11-cv-834-SLR

**DEMAND FOR JURY TRIAL**

**CYBERFONE SYSTEMS, LLC'S ANSWERING BRIEF IN RESPONSE TO
DEFENDANT HYATT CORPORATION'S MOTION TO DISMISS HYATT
CORPORATION AS A PARTY FOR MISJOINDER, OR IN THE ALTERNATIVE, TO
SEVER AND TRANSFER THE CLAIMS AGAINST HYATT CORPORATION**

## TABLE OF CONTENTS

I.   NATURE AND STATE OF THE PROCEEDINGS. ............................................................... 1

II.  SUMMARY OF THE ARGUMENT. ................................................................................... 1

III. ARGUMENT ....................................................................................................................... 2

   A.  Legal Standard. ............................................................................................................. 2

   B.  Hyatt Is Properly Joined In This Action. .................................................................... 3

   C.  Even If the Court Severs the Case, It Should Not Transfer the Claims Against Hyatt to
   the Northern District of Illinois. ....................................................................................... 4

      a.   The Private Interest Factors Mitigate Against Transfer. ...................................... 4

         1.   CyberFone had a legitimate and rational basis for suing Hyatt in Delaware. ............... 4

         2.   Hyatt operates on an international scale and has failed to prove that litigating in
         Delaware would pose a burden on its operations. .................................................... 6

         3.   Several important witnesses and fragile prototypes are located within 100 miles of
         Delaware. ...................................................................................................... 7

      b.   The Public Interest Factors Also Mitigate Against Transfer. ........................................ 9

         1.   The six related cases in this Court involving overlapping patents, technology, and
         issues weigh against transfer. ............................................................................ 9

         2.   The remaining public interest factors are neutral. ................................................ 10

   V.  CONCLUSION ..................................................................................................................... 11

# TABLE OF AUTHORITIES

## Cases

*ADE Corp. v. KLA-Tencor Corp.*,
   138 F. Supp. 2d 565 (D. Del. 2001) ........................................................................... 6

*Affymetrix, Inc. v. Synteni, Inc.*,
   28 F. Supp. 2d 192 (D. Del. 1998) .......................................................................... 6, 7

*Angiodynamics, Inc. v. Vascular Solutions, Inc.*,
   C.A. No. 09-554-JJF, 2010 U.S. Dist. LEXIS 77126, *5 (D. Del. July 30, 2010) ................ 2, 3

*Apple Inc. v. High Tech Computer Corp.*,
   C.A. No. 10-166-GMS, 2011 U.S. Dist. LEXIS, at *8 (D. Del. Jan. 14, 2011) ...................... 10

*Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*,
   C.A. No. 01-199-SLR, 2001 U.S. Dist. LEXIS 20803, *5-*6 (D. Del. Nov. 28, 2001) ........... 4

*Headon v. Colo. Boys Ranch*,
   C.A. No. 2:04-cv-04847-LDD, 2005 U.S. Dist. LEXIS 44141, at *19 .................................. 7

*Human Genome Scis., Inc. v. Genentech, Inc.*,
   C.A. No. 11-082-LPS, 2011 U.S. Dist. LEXIS, at *24-*25 (D. Del. July 18, 2011) ............... 7

*In re Hoffman-La Roche, Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009) ............................................................................... 11

*In re Link_A_Media Devices Corp.*,
   662 F.3d 1221 (Fed. Cir. 2011) ................................................................................. 9

*In re M.L.-Lee Acquisition Fund II, L.P.*,
   816 F. Supp. 973 (D. Del. 1993) ............................................................................ 3, 6

*Intellectual Ventures I LLC v. Altera Corp.*,
   C.A. No. 10-1065-LPS, Mem. Op. at 6 (D. Del. Jan. 23, 2012) ....................................... 3, 7

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) ....................................................................................... 2

*L'Athene, Inc. v. EarthSpring LLC*,
   570 F. Supp. 2d 588 (D. Del. 2008) ............................................................................ 3

*Mallinckrodt Inc. v. E-Z-Em Inc.*,
   670 F. Supp. 2d 349 (D. Del. 2009) ....................................................................... 5, 11

*Shutte v. Armco Steel Corp.*,
   431 F.2d 22 (3d Cir. 1970) .................................................................................... 2, 4

*Utility Lines Constr. Servs. Inc. v. HOTI, Inc.*,
   799 F. Supp. 2d 331 (D. Del. 2011) ............................................................................ 6

## Rules and Statutes

35 U.S.C. § 299(e) ....................................................................................................... 3

Fed. R. Civ. P. 20(a)(2) ................................................................................................ 4

**Other**

8 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3851 (3d ed. 2008) .................................................................................................................. 7

## I.  NATURE AND STATE OF THE PROCEEDINGS.

CyberFone filed its original complaint on September 15, 2011.  (D.I. 1.)  On December 8, 2011, CyberFone filed its First Amended Complaint ("FAC").  (D.I. 82.)  CyberFone has alleged that Hyatt Corporation ("Hyatt") and the other defendants in this action infringe three patents: U.S. Patent Nos. 5,805,676; 5,987,103; and 6,044,382 ("Asserted Patents").  In lieu of responding to the FAC, several defendants brought a motion to dismiss, or in the alternative to sever, for misjoinder.  (D.I. 106.)  Briefing on that motion has closed.  (D.I. 144 and 151.)  Hyatt has brought a separate motion to dismiss, or in the alternative, to sever and transfer the claims against Hyatt to the Northern District of Illinois.  (D.I. 138.)  This is CyberFone's opposition to Hyatt's motion.

## II.  SUMMARY OF THE ARGUMENT.

Hyatt is not entitled to dismissal or transfer.  This is one of six related cases pending in this Court that involve overlapping patents, technology, and issues.  Hyatt is the only defendant in the six related cases to move to transfer to a different forum.  To succeed on its motion, Hyatt must establish that a balancing of proper interest weighs in favor of the transfer.

Hyatt's burden is far from met here.  Indeed, Hyatt does not even address the fact that transfer would result in parallel cases involving the same patents and overlapping issues, such as issues of (i) inventorship; (ii) conception and reduction to practice of the patented inventions; (iii) priority dates of the asserted claims; (iv) prior art; (v) the definition of ordinary skill in the art; and (vi) damages as they related to CyberFone and industry practices.

Hyatt's motion also fails because the most important factor considered in the transfer analysis—the inconvenience to third-party witnesses—heavily weighs against transfer.  Both the

inventor and the prosecuting attorneys are located near this Court but far from the Northern District of Illinois.  Accordingly, Hyatt's motion should be denied.

## III.  ARGUMENT

### A.  Legal Standard.

The Third Circuit has explained that "the plaintiff's choice of venue should not be lightly disturbed."  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).  The party seeking a transfer bears the heavy burden of "establish[ing] that a balancing of proper interests weighs in favor of the transfer."   *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).  Accordingly, "unless the balance of convenience of the parties is ***strongly*** in favor of defendant, the plaintiff's choice of forum should prevail."  *Id.* at 25 (internal quotations omitted) (emphasis in original).

In determining whether to transfer a case, courts in the Third Circuit consider various private and public interest factors.  The private factors include "(1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records, again, only to the extent that they may not be available in one of the fora."  *Angiodynamics, Inc. v. Vascular Solutions, Inc.*, C.A. No. 09-554-JJF, 2010 U.S. Dist. LEXIS 77126, *5 (D. Del. July 30, 2010).  The pubic factors include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker, or les expensive; (3) court congestion; (4) local interest in the controversy; (5) public policies of the fora; and (6) the trial judge's familiarity with the applicable state law."  *Id.* at *5-*6.

2

Courts shall deny a request for transfer "if the factors are evenly balanced or weigh only slightly in favor of the transfer." *Angiodynamics, Inc. v. Vascular Solutions, Inc.*, C.A. No. 09-554-JJF, 2010 U.S. Dist. LEXIS 77126, *6 (D. Del. July 30, 2010). Moreover, "[w]hen transfer is sought by a defendant with operations on a national or international scale, that defendant 'must prove that litigation in Delaware would pose a unique or unusual burden on [its] operations.'" *Intellectual Ventures I LLC v. Altera Corp.*, C.A. No. 10-1065-LPS, Mem. Op. at 6 (D. Del. Jan. 23, 2012) (quoting *L'Athene, Inc. v. EarthSpring LLC*, 570 F. Supp. 2d 588, 592 (D. Del. 2008). "[T]he burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." *In re M.L.-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 979 (D. Del. 1993).

## B. Hyatt Is Properly Joined In This Action.

Hyatt's reliance on the recently enacted America Invents Act ("AIA") is misplaced. The Act expressly states that the new provision applies only to "civil actions commenced on or after the date of the enactment of [the] Act." 35 U.S.C. § 299(e). The AIA does not provide a definition of when an action has "commenced." Regardless, the original complaint was filed before the enactment of the AIA. Hyatt, however, claims that CyberFone commenced its action against Hyatt when the FAC was filed. (D.I. 143 ("Opening Brief") at 6.) Hyatt's conclusory one-sentence argument cannot support a dismissal. Tellingly, Hyatt fails to cite to a single authority that supports its position that this action "commenced" against it when the FAC was filed. Hyatt also fails to provide any support or analysis of how the relation-back doctrine does not apply here. There is no basis to conclude that Congress intended to disturb decades of relation-back law by not including a definition for "commencement" in the AIA.

3

Hyatt also argues that joinder is improper under Fed. R. Civ. P. 20(a)(2).   Hyatt's

argument fails for the reasons stated in CyberFone's opposition to certain defendants' motion to

dismiss or sever due to misjoinder (D.I. 144), which CyberFone incorporates by reference herein.

Accordingly, the Court should deny Hyatt's motion for misjoinder.

### C.   Even If the Court Severs the Case, It Should Not Transfer the Claims Against Hyatt to the Northern District of Illinois.

### a.   The Private Interest Factors Mitigate Against Transfer.

#### 1.   CyberFone had a legitimate and rational basis for suing Hyatt in Delaware.

The Third Circuit has recognized that "[i]t is black letter law that a plaintiff's choice of a

proper forum is a paramount consideration in any determination of a transfer request, and that

choice should not be lightly disturbed.  *Shutte*, 431 F.2d at 25.  In addition, this Court has held

that "[t]he deference afforded plaintiff's choice of forum will apply as long as plaintiff has

selected the forum for some legitimate reason."  *Cypress Semiconductor Corp. v. Integrated

Circuit Sys., Inc.*, C.A. No. 01-199-SLR, 2001 U.S. Dist. LEXIS 20803, *5-*6 (D. Del. Nov. 28,

2001).   Indeed CyberFone selected Delaware to bring this action for legitimate reasons.

Therefore, its choice of forum is entitled to substantial weight.

This case is one of six related cases, all before this Court.  Two of the co-pending cases

involved all of the patents-in-suit and the other three co-pending cases involve one of the

patents-in-suit.[1]  Although CyberFone is a Texas corporation, it has chosen to avail itself to the

rights, benefits, and obligations that Delaware law affords it because the majority of the

defendants in the six related cases have chosen to do the same by incorporating in the state of

---

[1] *See CyberFone Systems, LLC v. Cisco Systems, Inc.*, C.A. No. 11-830-SLR (asserting U.S. Patent No. 5,805,676 ("the '676 patent"), U.S. Patent No. 5,987,103 ("the '103 patent"), and U.S. Patent No. 6,044,382 ("the '382 patent"), among others); *CyberFone Systems, LLC v. Cellco Partnership*, C.A. No. 11-827-SLR (same); *CyberFone Systems, LLC v. Sony Electronics, Inc.*, C.A. No. 11-833-SLR (asserting the '382 patent); *CyberFone Systems, LLC v. DirectTV, Inc.*, C.A. 11-835-SLR (same); *CyberFone Systems, LLC v. Atlantic Broadband Finance, LLC*, C.A. No. 11-828-SLR (same).

Delaware, including Hyatt. *See Mallinckrodt Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 357 (D. Del. 2009) ("[W]hen a corporation chooses to incorporate in Delaware and accept the benefits of incorporating in Delaware, it cannot complain once another corporation brings suit against it in Delaware.")   In addition, as explained further below, a number of important third-party witnesses, including the sole named inventor on the asserted patents, and prosecuting attorneys are located within 100 miles of this Court.

Furthermore, having one Court and one judge adjudicate the co-pending cases involving the same or some of the same patents, and pertaining to the same technology, would promote judicial economy and comity.  As Hyatt would have it, both this Court and a sister court in the Northern District of Illinois (along with jurors from both districts for non-bench issues), would review the same patents, conduct claim construction proceedings of the same patents, review potentially the same invalidity and unenforceability defenses, as well as any number of prior art references relating to such defenses, oversee overlapping discovery issues and disputes, and hear testimony from witnesses who are relevant to the cases, among other overlapping issues.  Hyatt simply ignores the duplicity that would result from the relief it seeks.  Hyatt also ignores the potential for inconsistent results between the cases if the Court were to transfer the claims against Hyatt to Northern District of Illinois.

Hyatt argues that CyberFone's forum choice is entitled to little deference because Delaware is not its "home turf."  (D.I. 143 at 9.)  But this Court recently explained that "[a]lthough transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf or a forum where the alleged wrongful activity occurred, the plaintiffs choice of forum *is still of paramount consideration*, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice

weigh strongly in favor of transfer.'" *Utility Lines Constr. Servs. Inc. v. HOTI, Inc.*, 799 F. Supp. 2d 331, 337 (D. Del. 2011) (quoting *In re ML-Lee*, 816 F. Supp. at 976 (D. Del. 1993) (emphasis added). Here, as discussed further below, Hyatt has failed to meet its burden. This factor, therefore, weighs against transfer.

### 2. Hyatt operates on an international scale and has failed to prove that litigating in Delaware would pose a burden on its operations.

This Court has explained that "absent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001). Here, Hyatt focuses only on how much more convenient the Northern District of Illinois would be instead of any special inconvenience or hardship by litigating in Delaware. Hyatt first argues that its headquarters, some personnel, "many" of the documents relating to the accused kiosks, "some" of the accused kiosks, and the accused database and database servers are located in the Northern District of Illinois. With respect to the documents located in the Northern District of Illinois, this Court has repeatedly recognized that "recent technological advances have reduced the weight of this factor to virtually nothing." *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 208 (D. Del. 1998). Tellingly, Hyatt fails to identify any document or evidence that would be especially difficult to transport to Delaware. Nor does Hyatt identify any potential third-party witnesses who may not be available to testify at trial in Delaware. Any purported inconvenience to Hyatt personnel is also irrelevant to the Court's analysis for transfer. *See id.* at 203 ("Party witnesses or witnesses who are employed by a party carry no weight in the 'balance of convenience' analysis since each party is able, indeed, obligated to procure the attendance of its employees for trial."). Accordingly, Hyatt's preference for the Northern District of Illinois should carry no weight in the "balance of convenience."

Hyatt also argues that transfer is appropriate because "it does not manage any hotels in Delaware and none of the accused kiosks are located in Delaware." This is nothing more than a red herring. Hyatt has over 440 hotels worldwide. (Ex. 1.[2]) Indeed, it has seven hotels within 35 miles of Wilmington, Delaware. Presumably, at least some, if not all, of these hotels use and maintain the accused self-service hotel check-in kiosks. (Ex. 2.) It is also important to note that Hyatt is a multi-million dollar company that operates on an international scale. It is more than capable of bearing the financial burden of litigating in Delaware. (Ex. 1.) Accordingly, Hyatt has not, and cannot, prove that litigating in Delaware would pose a unique or unusual burden on [its] operations." *Intellectual Ventures I LLC*, C.A. No. 10-1065-LPS, Mem. Op. at 6. The inconvenience factor, therefore, weighs against transfer.

### 3. Several important witnesses and fragile prototypes are located within 100 miles of Delaware.

This Court has recognized that it "should be particularly concerned not to countenance undue inconvenience to third-party witnesses, who have no direct connection to the litigation." *Human Genome Scis., Inc. v. Genentech, Inc.*, C.A. No. 11-082-LPS, 2011 U.S. Dist. LEXIS, at *24-*25 (D. Del. July 18, 2011). *See generally Affymetrix*, 28 F. Supp. 2d at 203 (explaining that non-party fact witnesses weigh heavily in analysis); *see also Headon v. Colo. Boys Ranch*, C.A. No. 2:04-cv-04847-LDD, 2005 U.S. Dist. LEXIS 44141, at *19 (noting that convenience of non-party witnesses is "perhaps the most important factor"); 8 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3851 (3d ed. 2008) ("Often cited as the most important factor in passing on a motion to transfer … is the convenience of witnesses, most particularly nonparty witnesses who are important to the resolution of the case."). Hyatt incorrectly claims that "[t]he location of third party witnesses is a neutral factor."

---

[2] All exhibits referenced herein are attached to the Declaration of Fredricka Ung, filed concurrently herewith.

(D.I. 143 at 12.)  To the contrary, this factor, which is considered by this Court and others as the most important in the analysis, weighs heavily against transfer.

Dr. Rocco Martino is the sole named inventor on all three patents asserted in this action. Dr. Martino is almost 83 years old.  (Martino Decl. ¶ 6.)  He is currently a resident of Villanova, Pennsylvania, and has been for the past 47 years.  *Id.* at ¶ 4.  His home is approximately 30 minutes from the District Court in Wilmington, Delaware, and approximately 800 miles from the District Court in Chicago, Illinois.  *Id.*  Dr. Martino has extensive ties to his community and devotes a significant amount of his time to charitable and philanthropic organizations in Pennsylvania. *Id.* at ¶ 5.  He typically spends more than 40 hours each week attending meetings, conducting presentations, researching and reading reports, managing the issuance of scholarships and grants, writing books, drafting articles, and writing blogs on behalf of these organizations and on topics he believes are important.  *Id.*  He also spends considerable time undergoing medical tests and examinations, and is receiving treatments primarily from doctors in Philadelphia, Pennsylvania.  *Id.*  It would be a significantly greater inconvenience to Dr. Martino with regards to travel time and physical discomfort if he were required to appear in person in Illinois instead of Delaware.  *Id.* at ¶ 6.  Due to his age and physical ailments, he is very much disinclined to be away from his home, family, and primary physicians and source of medical care.  *Id.*

In addition, Delaware is also more convenient for the prosecuting attorneys.  The attorney who originally prosecuted the '676, '103, and '382 patents, Michael Dunnam of Woodcock Washburn Kurtz MacKiewicz & Norris, is located in Philadelphia, Pennsylvania, which is approximately 30 miles of this Court.  The current prosecuting attorney of the '676 patent,

Laurence Weinberger of Lipton, Weinberger & Husick, is located in Exton, Pennsylvania, which is approximately 30 miles from this Court.

Furthermore, Dr. Martino developed and reduced to practice the inventions of the patents-in-suit in Wayne and Villanova, Pennsylvania. (Martino Decl. ¶ 7.) Between 1996 and 2000, he had numerous prototypes built that embody the technologies of the asserted patents. *Id.* Some of the prototypes still exist and are in his possession in Villanova, Pennsylvania. *Id.* Three of the prototypes are somewhat functional, while others are capable of being functional. *Id.* These existing devices are somewhat fragile, however, since each of the prototypes were individually hand-wired and soldered 12 to 16 years ago. *Id.* The prototypes would hopefully survive a short car ride to Delaware, but might fall apart and suffer irreparable damage if transported by air or truck to Illinois. *Id.* Any inspection of the prototypes should take place in the environs of Villanova, Pennsylvania. *Id.* Accordingly, the location of third-party witnesses and prototypes weighs heavily against transfer.

### b.   The Public Interest Factors Also Mitigate Against Transfer.

#### 1.   The six related cases in this Court involving overlapping patents, technology, and issues weigh against transfer.

The fact that this is one of six related cases pending in the same Court, before the same Judge, weighs heavily against transfer. Hyatt argues that the existence of other pending cases "is not particularly compelling." (D.I. 143 at 11.) To the contrary, in *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011), the Federal Circuit explained in *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011), that it "consider[s] a district court's concurrent litigation involving the same patent to be a relevant consideration, if the court's experience was not tenuous and the cases were co-pending."

This is not a case in which the Court's experience with the patents and technology is tenuous. The six related cases were all filed on the same day in the same court, and assigned to the same Judge. In addition, the co-pending cases not only share overlapping patents that relate to the same technology, but they also share numerous common questions of fact and law, such as issues of (i) inventorship of the asserted patents; (ii) conception and reduction to practice of the patented inventions; (iii) priority dates of the asserted claims; (iv) prior art; (v) the definition of ordinary skill in the art; and (vi) damages as they related to CyberFone and industry practices. Under similar circumstances, this Court has denied transfer and concluded "it would better serve the interests of justice and the efficient use of court resources if these cases were tried in the same court." *Apple Inc. v. High Tech Computer Corp.*, C.A. No. 10-166-GMS, 2011 U.S. Dist. LEXIS, at *8 (D. Del. Jan. 14, 2011). Accordingly, practical considerations weigh heavily against transfer.

## 2. The remaining public interest factors are neutral.

With respect to efficient administration of this dispute, Hyatt points to the Northern District of Illinois' Patent Pilot Project and Patent Local Rules and argues that it would be "less expensive and at least as efficient to litigate this action in the Northern District of Illinois." (D.I. 143 at 13.) As discussed above, however, the duplicity of efforts that would result from a transfer would only consume unnecessary additional judicial resources by requiring two separate courts to address a number of overlapping issues and increase costs for CyberFone. In addition, Hyatt ignores the fact that the judges in this Court are well-seasoned in patent cases. Hyatt also ignores Section 4 of this Court's Default Standard for Discovery, which governs initial disclosures in patent case.[3]

---

[3] Available at http://www.ded.uscourts.gov/SLR/Misc/EDiscov.pdf.

Hyatt's last argument, that the citizens of the Northern District of Illinois have a strong interest in resolving the dispute because it is headquartered and has some of the accused kiosks there, is without merit.  (D.I. 143 at 13.)  Hyatt is an international hotel chain with over 440 hotels worldwide and chose to incorporate in Delaware, not Illinois.  Notably, Hyatt does not contend that the accused kiosks only exist in Northern District of Illinois.  Without the benefit of discovery, CyberFone does not know the exact locations of the accused self-service hotel check-in kiosks employed by Hyatt.  But it is reasonable to assume that they are likely used in its hotels throughout this country and abroad.  It is also likely that the kiosks are available at one of the seven hotels that are within 35 miles of this Court.  Hyatt has not, and cannot, show that the local interest factor weighs in its favor.  In addition, Hyatt's reliance on *In re Hoffman-La Roche, Inc.*, 587 F.3d 1333 (Fed. Cir. 2009), is unavailing.  In fact, in *In Hoffman-La Roche*, the Federal Circuit explained that "the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *Id.* at 1338.  This factor only weighs in favor of transfer "if there are significant connections between a particular venue and the events that gave rise to a suit." *Id.*  That is not the case here and, since Hyatt's alleged infringement may have potentially occurred all over this country, Hyatt cannot identify any significant connection between the Northern District of Illinois and the events that gave rise to the suit.  Furthermore, this Court has consistently found that "Delaware clearly has a substantial interest in addressing lawsuits brought against Delaware corporations." *Mallinckrodt*, 670 F. Supp. 2d at 357.  Accordingly, this factor is neutral.

## V.    CONCLUSION

Hyatt's motion to dismiss, or in the alternative, sever and transfer the claims against Hyatt to the Northern District of Illinois should be denied.  Hyatt is properly joined in this action.

11

Even if the Court finds that severance is appropriate, it should not transfer the claims to the Northern District of Illinois because Hyatt has failed to meet its significant burden of showing that the Northern District of Illinois is clearly more convenient than this Court.

Dated:  February 13, 2012

Of Counsel:

Marc A. Fenster
Bruce D. Kuyper
Fredricka Ung
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025-1031
(310) 826-7474
mfenster@raklaw.com
bkuyper@raklaw.com
fung@raklaw.com

Respectfully submitted,

PARKOWSKI, GUERKE & SWAYNE, P.A.

/s/ *John C. Andrade*

John C. Andrade (#1037)
116 West Water Street
Dover, DE  19904-6739
(302) 678-3262
jandrade@pgslegal.com

Attorneys for Plaintiff,
CyberFone Systems, LLC