IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| CYBERFONE SYSTEMS, LLC (formerly known as LVL PATENT GROUP, LLC), | |
|---|---|
| Plaintiff, | |
| v. | Civil Action No.: 11-cv-834-SLR |
| FEDERAL EXPRESS CORPORATION, *et al.*, | |
| Defendants. | |

**DEFENDANT HYATT CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS HYATT CORPORATION AS A PARTY FOR MISJOINDER, OR IN THE ALTERNATIVE, TO SEVER AND <u>TRANSFER THE CLAIMS AGAINST HYATT CORPORATION</u>**

*Of Counsel:*

Laura Beth Miller
David P. Lindner
Joseph S. Hanasz
Brinks Hofer Gilson & Lione
NBC Tower – Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL 60611
Tel: 312-321-4200
lmiller@brinkshofer.com
dlindner@brinkshofer.com
jhanasz@brinkshofer.com

Dated: February 23, 2012

FOX ROTHSCHILD LLP
Gregory B. Williams (#4195)
Austen C. Endersby (#5161)
Citizens Bank Center
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323
Tel: 302-654-7444
gwilliams@foxrothschild.com
aendersby@foxrothschild.com

*Attorneys for Defendant Hyatt Corporation*

# TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 1 |
| | A. | Hyatt's Joinder In This Action Is Improper | 1 |
| | B. | It Is Appropriate To Transfer The Case Against Hyatt To The Northern District of Illinois | 2 |
| | | i. CyberFone Has Failed To Rebut That The Private Interest Factors Favor Transfer | 2 |
| | | ii. CyberFone Has Failed To Rebut That The Public Interest Factors Weigh In Favor Of Transfer | 4 |
| III. | CONCLUSION | | 5 |

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Farina v. Nokia*,
 No. 06-0724, 2009 WL 436921 (E.D. Pa. Feb. 13, 2008) ............................................................. 2

*In re Hoffman-LaRoche*,
 587 F.3d 1333 (Fed. Cir. 2009) .................................................................................................. 4

*In re Vistaprint Ltd.*,
 628 F.3d 1342 (Fed. Cir. 2010) .................................................................................................. 3

*Jumara v. State Farm Ins. Co.*,
 55 F.3d 873 (3d Cir. 1995) ..................................................................................................... 3, 4

*Lewis, Jr. v. Brown*,
 No. 04-6063, 2010 WL 1371939 (D. N.J. Mar. 3, 2010) ........................................................... 2

*Sipco, LLC v. Control4 Corp.*,
 No. 6:10-cv-249, 2011 WL 529336 (E.D. Tex. Feb. 8, 2011) ................................................... 3

**STATUTES**

28 U.S.C. § 1404(a) ......................................................................................................................... 2

**RULES**

Fed. R. Civ. P. 15(c) ....................................................................................................................... 2

Fed. R. Civ. P. 20(a)(2) ................................................................................................................... 2

## I. INTRODUCTION

It is undisputed that Hyatt Corporation ("Hyatt")—the movant—was not a named defendant in this action until after the effective date of the America Invents Act ("AIA"). Also undisputed is the fact that Hyatt is not related to any of the other defendants, nor is it supplying or receiving accused equipment from them. Those facts alone warrant application of the AIA and a grant of Hyatt's motion for misjoinder. With respect to Hyatt's motion for transfer, plaintiff CyberFone Systems, LLC ("Cyberfone") concedes that Hyatt has no hotels or accused kiosks in Delaware—only **near** Delaware (D.I. 154 at 7, 11)—but this, like CyberFone's other arguments, misses the mark. Hyatt is not like the other defendants in this case, and should not be treated the same solely because it is incorporated in Delaware. Based on a review of the relevant facts, and because the majority of Hyatt's documents relevant to this action and the personnel responsible for the accused kiosks are located in Chicago, Illinois, this action should be transferred to the Northern District of Illinois.

## II. ARGUMENT

### A. Hyatt's Joinder In This Action Is Improper

CyberFone's primary argument against misjoinder of Hyatt is that the original complaint was filed before the enactment of the AIA. (D.I. 154 at 3.) CyberFone, however, does not dispute the critical fact that Hyatt was not named as a defendant in the original complaint. (D.I. 1.) Undisputed is the fact that the action was commenced against Hyatt when CyberFone filed its First Amended Complaint on December 8, 2011—more than two months after the effective date of the AIA. Congress explicitly stated in the AIA that the joinder requirements for patent cases prohibit exactly what CyberFone is attempting to do here: join completely unrelated defendants solely because they allegedly infringe the same patents.

1

It would be fundamentally improper to permit CyberFone to skirt the express intent of Congress by allowing CyberFone to join a defendant, after the AIA's effective date, that is separate and distinct from each of the defendants named in the originally filed complaint. Moreover, CyberFone's passing comment about the relation-back doctrine should be disregarded. As other courts in the Third Circuit have explained, it is CyberFone's burden to establish that a relation back theory should apply to Hyatt. *See Lewis, Jr. v. Brown*, No. 04-6063, 2010 WL 1371939, at *9 (D. N.J. Mar. 3, 2010) (requiring a plaintiff to show the elements of Fed. R. Civ. P. 15(c)); *Farina v. Nokia*, No. 06-0724, 2009 WL 436921, at *4 (E.D. Pa. Feb. 13, 2008). Having failed to do so, it has now waived the argument.

Finally, CyberFone's argument that Hyatt is properly joined under Fed. R. Civ. P. 20(a)(2) also fails for the reasons set forth in the Moving Defendants' Reply Brief In Support Of Their Motion For Misjoinder Pursuant To Rules 20 and 21 (D.I. 151), which Hyatt joins and incorporates herein by reference.

### B. It Is Appropriate To Transfer The Case Against Hyatt To The Northern District of Illinois

#### i. CyberFone Has Failed To Rebut That The Private Interest Factors Favor Transfer

CyberFone does not dispute that the claims against Hyatt could have been brought in the Northern District of Illinois. Thus, the threshold question of 28 U.S.C. § 1404(a) is satisfied, and the Court must now evaluate the private and public interest factors to determine whether the transferee district would be the more convenient venue.

In opposition to Hyatt's brief, CyberFone attempts to bolster its position for maintaining the case against Hyatt in Delaware by asserting arguments that are not material to the transfer of venue analysis in this case or that have already been rejected by the courts. For example,

Cyberfone argues that Hyatt Corp. (as well as other defendants) has "avail[ed] itself to the rights, benefits, and obligations that Delaware law affords . . . by incorporating in the State of Delaware." (D.I. 154 at 5-6.) Cyberfone further asserts that "Hyatt is an international hotel chain with over 440 hotels worldwide and chose to incorporate in Delaware, not Illinois." (*Id.* at 11.) A party's state of incorporation is plainly not one of the venue transfer factors under *Jumara* and should not be considered a dispositive fact in this transfer analysis. Thus, the motion for transfer should not hinge on whether Hyatt is incorporated in Delaware.

Next, CyberFone argues that there is judicial economy in one court deciding the 22 cases that CyberFone has filed. CyberFone neglects to mention, however, that each of these co-pending cases is in its infancy. The mere existence of other nascent co-pending cases does not increase the Court's familiarity with the patents-in-suit, and therefore does not implicate judicial economy. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 (Fed. Cir. 2010) (finding judicial economy where a prior litigation was before the same trial court); *see also Sipco, LLC v. Control4 Corp.*, No. 6:10-cv-249, 2011 WL 529336, at *3 (E.D. Tex. Feb. 8, 2011) (concluding that the existence of a co-pending case that has yet to have a scheduling conference does not facilitate judicial economy).[1] The fact that these other cases are not identical in scope to the case against Hyatt further dilutes CyberFone's efficiency argument.

CyberFone also makes much of the fact that Dr. Rocco Martino and the prosecuting attorneys of the asserted patents are located in Pennsylvania. (D.I. 154 at 8-9.) While convenience of the witnesses is a factor, it is "the convenience of the witnesses–but **only to the extent that the witnesses may actually be unavailable for trial** in one of the fora." *Jumara v.*

---

[1] This same argument holds true when CyberFone attempts to double dip by raising this issue again with respect to the public interest factors.

3

*State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (emphasis added). Nowhere in CyberFone's brief does it assert that Dr. Martino would be unavailable if the trial was held in Illinois. Nor does CyberFone assert that Dr. Martino is even going to be called as a live witness at trial. That Dr. Martino is in possession of prototypes, whose inspection CyberFone argues should occur in Pennsylvania (D.I. 154 at 9), is immaterial; Hyatt is amenable to examining these prototypes there. There is no reason why such an examination could not occur in Pennsylvania were the case transferred to the Northern District of Illinois. Thus, the convenience of one witness, while a factor to be considered, is not determinative of the issue.

CyberFone's argument with respect to the prosecuting attorneys carries even less weight, as there has been no indication that these attorneys would be called as witnesses at trial. The simple fact that these attorneys are located in Pennsylvania is insufficient under this factor.

### ii. CyberFone Has Failed To Rebut That The Public Interest Factors Weigh In Favor Of Transfer

While CyberFone cites *In re Hoffman-LaRoche*, 587 F.3d 1333, 1338 (Fed. Cir. 2009), and correctly acknowledges that the "local interest" factor weighs in favor of transfer where a defendant sells a product nationwide and there are "significant connections between a particular venue and the events that give rise to a suit" (D.I. 154 at 11 (internal quotation omitted)), CyberFone ignores Hyatt's significant connection to the Northern District of Illinois. Hyatt's opening brief established Hyatt's significant connections to the Northern District of Illinois. Its principal place of business is located there. Its personnel who manage its relationships with the vendors that provide services for the accused kiosks, and documents relevant to this litigation, are located there. It is the Northern District of Illinois, and not this forum, that has significant connections to the events giving rise to the suit against Hyatt.

### III. CONCLUSION

Hyatt has carried its burden to demonstrate that it was improperly joined in this action and, that if not dismissed, the Northern District of Illinois is the more convenient forum for this matter to be heard. CyberFone's response has not rebutted these positions. Therefore, Hyatt respectfully requests that the Court grant its motion to dismiss for misjoinder, or in the alternative, that the claims against it be severed and transferred to the Northern District of Illinois.

Respectfully submitted,

*/s/ Austen C. Endersby*
Gregory B. Williams (#4195)
Austen C. Endersby (#5161)
FOX ROTHSCHILD LLP
Citizens Bank Center
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323
Tel: 302-654-7444
gwilliams@foxrothschild.com
aendersby@foxrothschild.com

*Of Counsel:*

Laura Beth Miller
David P. Lindner
Joseph S. Hanasz
Brinks Hofer Gilson & Lione
NBC Tower – Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL 60611
Tel: 312-321-4200
lmiller@brinkshofer.com
dlindner@brinkshofer.com
jhanasz@brinkshofer.com

*Attorneys for Defendant Hyatt Corporation*

Dated: February 23, 2012